Entered on Docket September 4, 2015

**Below is a Memorandum Decision of the Court.**



_____
**Paul B. Snyder
U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| In re:<br><br>JASON M. PITTMAN<br>SHAWNA M. PITTMAN,<br><br>                      Debtors.<br><br>KATHRYN A. ELLIS, solely in her capacity as Chapter 7 Trustee,<br><br>                      Plaintiff,<br><br>v.<br><br>STEFANIE MIRGHANBARI,<br><br>                      Defendant. | **Case No. 13-43233**<br><br>**Adversary No. 15-04036**<br><br>**MEMORANDUM DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
|---|---|

This matter comes before the Court on cross-motions for summary judgment filed by the Chapter 7 Trustee (Trustee) for the bankruptcy estate of Jason and Shawna Pittman (Debtors), and Stefanie Mirghanbari (Defendant). Hearings were held on June 25, 2015, and July 16, 2015. At the July 16, 2015 hearing, the Court took the matter under advisement and gave the parties the opportunity to file supplemental briefs. The Defendant filed a supplemental brief on July 24, 2015, and a supplemental brief was filed by the Trustee on July 29, 2015. Based on the arguments and pleadings presented, the following is the Court's findings of fact and conclusions of law.

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 1

The basic facts of this case are not in dispute. On or about July 2, 2012, the Defendant transferred $40,000 to her daughter, Debtor Shawna Pittman. This transfer was by cashier's check made payable to Shawna Pittman. On July 5, 2012, the cashier's check was deposited into two accounts in the name of the Debtors at Union Bank ($39,900 was deposited into one account and $100 into a different account). On September 13, 2012, the Debtors withdrew $39,975.25 from the Union Bank account by cashier's check and deposited the funds into an account in the Debtors' names at Wells Fargo Bank. On January 14, 2013, the Debtors withdrew $40,000 from the Wells Fargo account by cashier's check and deposited the same amount in an account in the Debtors' names at Key Bank. On February 12, 2013, the Debtors withdrew $40,000 from the Key Bank account by cashier's check made payable to the Defendant. The Defendant endorsed the check and deposited the funds into her own bank account at Columbia Bank.

The Debtors filed a Chapter 7 bankruptcy petition on May 15, 2013. The Trustee filed an adversary complaint against the Defendant on February 24, 2015. In her complaint, the Trustee seeks to recover a money judgment against the Defendant as an avoidable preferential transfer under 11 U.S.C. § 547[1] or alternatively, as an avoidable fraudulent conveyance under § 548. The Trustee alleges that she is entitled to summary judgment against the Defendant and seeks a judgment to recover the $40,000. The Defendant subsequently filed her own motion for summary judgment seeking to dismiss the Trustee's complaint.

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). Once the party meets this initial burden, the burden shifts to the defendant "to set forth, by affidavit or

---

[1] Unless otherwise indicated, all "Code," Chapter and Section references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by BAPCPA, Pub. L. 109-8, 119 Stat. 23, as this case was filed after October 17, 2005, the effective date of most BAPCPA provisions.

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 2

as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." F.T.C. v. Stefanchik, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted).

The reach of § 547 and § 548 is limited to transfers of "an interest of the debtor in property." Diamant v. Taylor Assocs. (In re Advent Mgmt. Corp.), 104 F.3d 293, 295 (9th Cir. 1997). The Defendant argues that this transfer is not avoidable as either a preference or a fraudulent conveyance because the Debtors never had an interest in the $40,000. According to the Defendant, she always maintained an ownership interest in these funds.

Courts look to state law to determine property rights unless federal law requires a contrary result. In re Kemp Pac. Fisheries, Inc., 16 F.3d 313, 315 (9th Cir. 1994). In arguing that the Debtors never had any interest in these funds, the Defendant cites to several Washington State cases. See State of Mora, 110 Wn. App. 850 (2002); Fireman's Fund Ins. Co. v. Nw. Paving & Constr. Co., 77 Wn. App. 474 (1995); Morse v. Williams, 48 Wn. App. 734 (1987). In reliance upon these cases, the Defendant argues that the depositing of the funds into the Debtors' account merely created a rebuttable presumption that a transfer of "an interest of the debtor" occurred. As the Defendant has submitted undisputed evidence through her own declaration, and that of the Debtors and their banker, that the parties never intended to transfer ownership, the Defendant argues that this Court should rule that the Debtors never had an interest in the $40,000 and grant summary judgment in her favor.

The Court, however, finds the above cases to be distinguishable and not determinative of the issue because the cited cases only concern joint bank accounts. The account at issue is a single owner account of the Debtors. The Defendant is not a joint owner of or a depositor on this account.

This fact is important because Washington's Financial Institution Individual Account Deposit Act (Deposit Act) recognizes a distinction between these two types of accounts when

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 3

determining ownership. RCW 30A.22.090[2] is captioned "Ownership of funds during lifetime of depositor." This statute provides in relevant part:

> (1) Funds on deposit in a single account belong to the depositor.
> (2) Funds on deposit in a joint account without right of survivorship and in a joint account with right of survivorship belong to the depositors in proportion to the net funds owned by each depositor on deposit in the account, unless the contract of deposit provides otherwise or there is clear and convincing evidence of a contrary intent at the time the account was created.

RCW 30A.22.090(1) and (2).

By its terms, RCW 30A.22.090(2) specifically allows evidence of intent when determining the ownership of funds on deposit in a joint account. RCW 30A.22.090(1), however, is likewise equally clear in stating that "funds on deposit in a single account belong to a depositor." No language allowing evidence of intent appears in RCW 30A.22.090(1).

The Court disagrees with the Defendant that these are "technicalities" or a "distinction without a difference." Def. Supp. Memo. 3:10, 12, 25-26, ECF No. 28. In statutory interpretation, the court's primary objective is to "determine and apply the legislature's intent." State v. Conover, 2015 WL 4760487, at *3 (Wash. Aug. 13, 2015). Legislative intent is determined from the plain language of the statute, "'considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole.'" Conover, 2015 WL 4760487, at *3 (citing Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd., 182 Wn.2d 342, 350 (2015)); see also United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) (in which the United States Supreme Court declared that in cases of statutory interpretation, the inquiry must always begin "with the language of the statute itself.")

As previously indicated, the legislature created separate paragraphs in RCW 30A.22.090 for determining ownership issues for single and joint accounts. The joint account

---

[2] RCW 30.22.090 was recodified as RCW 30A.22.090 by Laws 2014, ch. 37, § 4 (effective January 5, 2015).

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 4

paragraph contains language specifically allowing evidence of intent. Such language is notably absent in the paragraph for single accounts. "Clearly, the legislature's choice of different language" in RCW 30A.22.090(1) and (2) "indicates a different legislative intent." Conover, 2015 WL 4760487 at *4. In this case, the legislative intent was that "[f]unds on deposit in a single account belong to the depositor." Based on the statutory language, the Court has no authority to consider evidence of intent. Intent is therefore not relevant in determining ownership of funds in a single account.

The Court also disagrees that such a result would be unjust because the Deposit Act was created primarily to protect banking institutions. See Def. Supp. Memo. 3:12-14, ECF No. 28. In support, the Defendant cites to RCW 30A.22.130 (formerly RCW 30.22.130), stating that this section provides that the "'protections accorded to financial institutions under [the Deposit Act] shall have no bearing on the actual rights of ownership to deposited funds by a depositor, and/or between depositors.'" Def. Supp. Memo. 4:1-4, ECF No. 28. This, however, is not an accurate citation of the statute. RCW 30A.22.130 specifically lists the sections of the Deposit Act that shall have no bearing on the "actual rights of ownership to deposited funds." Absent from this list is the statute at issue, RCW 30A.22.090. In addition, RCW 30A.22.020(2) specifically provides that one of the purposes of the Deposit Act is to "qualify and simplify the law concerning the respective ownership interests of individuals to funds held on deposit by financial institutions, both as to the relationship between the individual depositors and beneficiaries of an account, and to the financial institution-depositor-beneficiary relationships." RCW 30A.22.110, which is captioned "Controversies between owners," further provides in relevant part that "RCW 30.22.090 and 30.22.100 are intended to establish ownership of funds on deposit in the accounts stated."

In summary, although the Court is unaware of any case law on point, the plain language of the statute is clear. The Deposit Act was intended to simplify the law concerning the

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 5

ownership of funds on deposit, and the law regarding single accounts is that the funds on deposit in a single account belong to the depositor. Intent is therefore not relevant, and for purposes of the Trustee's action, the transfer of the $40,000 to the Defendant was a transfer "of an interest of the debtors."

The Defendant's arguments regarding a fiduciary relationship between the Debtors and the Defendant, and the Defendant and the various lending institutions also have no merit. The fact that a financial institution may be subject to potential liability if it makes payments with actual knowledge of a dispute as to ownership has no bearing on the issue before the Court. The Debtors had an interest in the funds at issue for purposes of § 547 and/or § 548 despite any knowledge on the part of the various financial institutions or its agents. Likewise, no evidence has been provided to establish a fiduciary relationship between the Debtors and the Defendant, or the Defendant and the financial institutions. Even if such a relationship could be established, it would have no bearing on the Trustee's claim. At most, such a relationship might serve as a basis for a claim by the Defendant against one or both of these parties. It would not, however, serve as a defense to the Trustee's preference or fraudulent conveyance claims.

Accordingly, for purposes of both § 547 and § 548, the Court determines that the transfer at issue is a "transfer of an interest of the debtor in property" that may be avoided by the Trustee. Summary judgment in favor of the Trustee is therefore proper if the Trustee can also establish as a matter of law that the remaining elements of the § 547 and/or § 548 claims are met.

The parties disagree about the proper characterization of the initial transfer. According to the Trustee, the initial transfer of the $40,000 from the Defendant to the Debtors was either a loan, rendering it subject to possible avoidance as a preference under § 547, or a gift that is

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 6

potentially avoidable as a fraudulent conveyance under § 548. The Defendant argues that it is neither because she never intended to loan nor gift the funds to the Debtors.

The Court has already ruled that ownership of the funds transferred to the Debtors when they were placed in the single account regardless of any contrary intent. Thus, the transfer is either a loan or a gift. Further discovery is unnecessary to determine which term is a better description of the nature of this transaction because the Court concludes that the transfer is avoidable under either scenario.

If the initial transfer is a loan, the Trustee has established as a matter of law that the transfer to the Defendant is avoided under § 547(b). Under § 547(b), a trustee may avoid any transfer of an interest of the debtor in property if the following elements are satisfied: (1) the transfer was to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made on or within 90 days before the date of the filing of the petition or between 90 days and one year of the petition filing if the creditor was an insider; and (5) that enables the creditor to receive more than such creditor would receive in a chapter 7 liquidation of the estate. 11 U.S.C. § 547(b); see also In re Kemp Pac. Fisheries, 16 F.3d at 315 n.1.

It is undisputed that the transfer at issue was made by the Debtors to the Defendant. If the initial transfer is characterized as a loan, the Defendant was by definition a "creditor" of the Debtors at the time the transfer was made. See 11 U.S.C. § 101(10)(A) (defining "creditor" as an entity that has a claim against the debtor that arose at or before the order for relief) and § 101(5)(A) (defining "claim" as a right to payment).

The transfer was also on account of an antecedent debt. A debt is defined as "liability on a claim." 11 U.S.C. § 101(12). Again, if the transfer is a loan the debt was created when the $40,000 was deposited into the Debtors' bank account. It is on this date, July 5, 2012, that

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 7

the debtor/creditor relationship was created. Since repayment did not occur until February 12, 2013, the transfer to the Defendant was on account of an antecedent debt.

The Defendant argues that this element is not met because any commitment of funds was conditioned upon approval of the refinance. However, the debt in this case was created when the funds were deposited in the Debtors' account. It was at that moment that ownership was transferred and the debt was created. Ultimate approval of the refinance had no bearing on whether or not ownership was transferred at the time of the initial deposit.

The Trustee has also established that the transfer occurred while the Debtors were insolvent. According to the Debtors' bankruptcy schedules, at the time of filing, the Debtors' liabilities exceeded assets by over $274,000, and all but $19,500 of this debt predates the transfer to the Defendant. Tr. Memo. 7:20-22, 8:1, ECF No. 17; Decl. of Tr., Ex. E, ECF No. 18. Insolvency was also admitted by the Defendant in her answer to the complaint. Def.'s Answer 2:5-7, ECF No. 6.

The transfer in this case occurred 92 days prior to the bankruptcy filing. The Defendant is the mother of Debtor Shawna Pittman. For an individual, an insider is defined in § 101(31)(A) to include a relative of the debtor. The Trustee has therefore established that the transfer was made within one year of the bankruptcy filing to an insider.

The last requirement of a preference action is that the transfer enables the creditor to receive more than she would have received in a chapter 7 case if the transfer had not been made. The Defendant's only argument is that this element cannot be established because the funds never became part of the Debtors' estate. However, the Court has already ruled against the Defendant on this issue. The funds at issue did become a part of the Debtors' estate when they were initially deposited in the Debtors' account. As the Defendant received full payment on her claim and the Debtors other general unsecured creditors will not, this element is

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 8

established. The Trustee has therefore established each element of § 547(b) as a matter of law.

If the initial transfer was instead a gift, the Trustee has also established as a matter of law that the transfer is avoidable as a fraudulent conveyance under § 548. This section provides several mechanisms for avoiding a fraudulent transfer. The Trustee seeks to avoid the transfer pursuant to § 548(a)(1)(B). According to § 548(a)(1), a trustee may avoid any transfer of an interest of the debtor in property, that was made within two years of the filing of the petition, if the debtor received less than reasonably equivalent value in exchange for such transfer, and was insolvent on the date the transfer was made, or became insolvent as a result of such transfer. 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I).

If the Defendant originally transferred the $40,000 to the Debtors as a gift, the Debtors transfer of $40,000 to the Defendant on February 12, 2013, was for less than reasonably equivalent value. The other element of this claim, that the debtor was insolvent on the date of the transfer, has already been established. The Trustee has therefore established that the transfer is avoidable under § 548.

Earlier in these proceedings, the Defendant also raised an earmarking defense to the avoidance claims. The earmarking doctrine is a judicial exception to a preference action that applies when a third party advances funds to the debtor for the specific purpose of paying off a selected creditor. See Golden v. Metcalf (In re Abdox, Inc.), 488 F.3d 836, 843 (9th Cir. 2007); Sierra Steel, Inc. v. S&S Steel Fabrication (In re Sierra Steel, Inc.), 96 B.R. 271, 274 (9th Cir. BAP 1989). In such a situation, the funds are deemed "earmarked" and not recoverable by a trustee in bankruptcy because they never became a part of the debtor's estate. As indicated by the Court at the hearing held on June 25, 2015, the earmarking doctrine is not applicable. The Defendant's position has consistently been that the funds were placed in the Debtors' account for the sole purpose of assisting them with a refinance, either to show financial

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 9

strength or her willingness to serve as an additional guarantor. Assuming this is true, this is not evidence that the funds were placed in the account for the specific purpose of paying a particular creditor. Accordingly, as a matter of law, the Defendant is unable establish that the earmarking doctrine applies.

The Defendant has also requested that this Court impose a constructive trust upon the funds. The Court disagrees with the Trustee that constructive trust arguments cannot ordinarily defeat an avoidance claim by a trustee. Several Ninth Circuit Courts of Appeal cases recognize that if a debtor holds funds in constructive trust for another person, there is no interest of the debtor in property for purposes of § 547. See, e.g., In re Unicom Comput. Corp., 13 F.3d 321, 324 (9th Cir. 1994); Diamant v. Taylor Assocs. (In re Advent Mgmt. Corp.), 104 F.3d 293, 295 (9th Cir. 1997).

The basis for imposing a constructive trust must be established by clear, cogent, and convincing evidence. Baker v. Leonard, 120 Wn.2d 538, 547 (1993). "A constructive trust will be found when property is acquired under circumstances such that the holder of legal title would be unjustly enriched at the expense of another interested party." Huber v. Coast Inv. Co., 30 Wn. App. 804, 810 (1981). Although "fraud, misrepresentation, bad faith, or overreaching generally provide the rationale for the imposition of a constructive trust," they may be "imposed in broader circumstances not arising to fraud or undue influence." Baker, 120 Wn.2d at 547. "A constructive trust may arise even though acquisition of the property was not wrongful. It arises where the retention of the property would result in the unjust enrichment of the person retaining it." Mehelich v. Mehelich, 7 Wn. App. 545, 551 (1972). When there is no evidence of fraud or wrongdoing, a constructive trust may be imposed when "an equitable base is established by evidence of intent" that the legal title holder was not the intended beneficiary. Baker, 120 Wn.2d at 548 (citing Mehelich, 7 Wn. App. at 545).

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 10

**Below is a Memorandum Decision of the Court.**

The issue then presented is whether this Court should allow this case to proceed to trial on the issue of whether the Defendant can establish by clear, cogent and convincing evidence a basis for imposing a constructive trust. As there is no allegation of fraud or wrongdoing, the only way to establish such a basis is with evidence of intent. In other words, through application of a constructive trust argument, the Defendant seeks to introduce evidence of intent, which the Court has already determined is precluded by RCW 30A.22.090(1). A similar argument was put forth and rejected by the Washington State Supreme Court in the Baker case. Baker, 120 Wn.2d at 549. In Baker, the administrator of a decedent's estate brought an action against a surviving depositor of a joint account who transferred the funds to her own personal account. The administrator argued that equity demanded imposition of a constructive trust in favor of the estate. The relevant statute in effect on the date the account in Baker was created was RCW 30.20.015, which has since been repealed. This statute explicitly provided for a conclusive presumption, in the absence of fraud or undue influence, that it was the intent of the depositors to vest title of such deposit in the survivor. As there was no evidence of fraud or undue influence, the statute created a conclusive presumption of intent that could not be rebutted. The Washington State Supreme Court affirmed the lower court holding that since the "question of intent [was] settled by the statute," there was no equitable basis for imposing a constructive trust. Baker, 120 Wn.2d at 549.[3]

As in Baker, this Court has already ruled that it has no authority to consider evidence of intent to determine ownership of funds in a single account pursuant to RCW 30A.22.090(1). Although the statutes are different, RCW 30A.22.090(1) and former RCW 30.20.015 are similar

---

[3] In rendering this decision, the Court also reviewed the unpublished decision of Cottle v. Cottle, 1996 WL 257467 (Wn. App. Div. 3, May 16, 1996). Although Wash. GR 14.1(a) prohibits citation for precedential authority, the Court cites to Cottle only to inform the parties that it is aware of the decision. As the statute at issue in Cottle created a rebuttable, rather than conclusive presumption, the Washington State Court of Appeals, Division 3, correctly determined that it was error for the lower court to not allow the appellant to present evidence of intent in order to establish an equitable basis for imposing a constructive trust. Unlike RCW 30A.22.090(1) and the statute at issue in Baker, the relevant statute in Cottle did not preclude evidence of intent. See Cottle, 1996 WL 257467 at *4.

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 11

**Below is a Memorandum Decision of the Court.**

in that both preclude evidence of intent. RCW 30A.22.090(1) precludes evidence of intent in all situations and former RCW 30.20.015 precluded such evidence in the absence of fraud or undue influence. Accordingly, as evidence of intent is not relevant, the only basis for imposing a constructive trust under either of these scenarios is a showing of wrongdoing. In this case, there is no allegation of wrongdoing on the part of the Debtors. Under the reasoning of <u>Baker</u>, this Court therefore has no discretion to impose a constructive trust in favor of the Defendant.

///End of Memorandum Decision///

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 12